UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID AVERY, | CASE NO. 3:05 CV 7246 |
| Plaintiff, | CHIEF JUDGE JAMES G. CARR |
| v. | |
| | OPINION AND ORDER |
| PERRYSBURG MUNICIPAL COURT PROSECUTOR, et al., | |
| Defendants. | |

On June 7, 2005, plaintiff pro se David Avery filed the above-captioned action under 42 U.S.C. § 1983 against the Perrysburg Municipal Court Prosecutor, the Ohio Attorney General, the City of Northwood Mayor's Court, and the Prosecuting Attorney for the Ottawa County Municipal Court. In the complaint, plaintiff asserts that OHIO REV. CODE § 4507.02 impermissibly infringes on his constitutional right to drive . He seeks a declaration from this court that the statute is unconstitutional as applied to him, that its enforcement against him be enjoined, and that he be awarded monetary damages for his arrests and prosecutions for violations of this statute.

*Background*

Mr. Avery received a traffic citation from Northwood, Ohio police on June 10, 2003 charging him with driving under suspension and speeding. He was fined $162.00 and was sentenced to 90 days in jail. The jail sentence was suspended on the condition that Mr. Avery receive no other similar convictions within a three year period.

On July 4, 2004, Mr. Avery was stopped in Ottawa County, Ohio by the Ohio Highway Patrol and arrested for driving without a license. He was tried in the Ottawa Municipal Court on February 4, 2005 and convicted. He was sentenced to 30 days in jail which he was ordered to begin to serve immediately. As a result of this conviction, he received a summons to appear in the Perrysburg Municipal Court for violating the terms of his probation.

Mr. Avery asserts that Ohio Revised Code § 4507.02 and Northwood City Ordinance § 436.01A are unconstitutional as applied to him because they interfere with his constitutional right "to use the roads for [his] own private ends." (Compl. at 6.) He asks this court to enjoin the prosecuting attorneys from enforcing these statutes, enjoin the courts from enforcing his 90 day jail sentence, and award him $60,000 in compensatory damages and $10,000,000.00 in punitive damages.

*Analysis*

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

Mr. Avery claims the statute and ordinance under which he was prosecuted for driving without a license are unconstitutional because they interfere with his right to use the roads for his own purposes. It is evident that Mr. Avery is confusing the constitutional right to travel with the qualified privilege to drive an automobile. See Duncan v. Cone, No. 00-5705, 2000 WL 1828089 at * 2 (6th Cir.

Dec. 7, 2000)(citing Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999). Restrictions placed on a single mode of transportation do not rise to the level of a violation of the fundamental right to interstate travel. Id. Mr. Avery's argument is devoid of merit.

Moreover, Mr. Avery cannot file a civil rights action to collaterally attack his convictions. An individual convicted of a crime may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). A favorable judgment in this case would clearly undermine the validity of Mr. Avery's convictions. Consequently, he must demonstrate that those convictions have been set aside by either an Ohio state court or a federal habeas corpus decision in order to proceed with this action. He has not done so.

*Conclusion*

Accordingly, this action is dismissed. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

S/ JAMES G. CARR

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3

CHIEF JUDGE
UNITED STATES DISTRICT COURT